# UNITED STATES DISTRICT COURT
## DISTRICT OF NORTH DAKOTA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Bernadette Baker, | ) | **ORDER GRANTING DEFENDANTS'** |
| | ) | **MOTION FOR SUMMARY** |
| Plaintiff, | ) | **JUDGMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| Lynn Scarlett, Acting Secretary, | ) | Case No. 4:06-cv-039 |
| Department of the Interior and the United | ) | |
| States of America, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are the Defendants' "Motion to Dismiss/Motion for Summary Judgment" filed on July 21, 2006; the Plaintiff's "Motion to Take Leave of Court to File Motion to Grant Plaintiff Additional Time to File this Action" filed on September 27, 2006; and the Plaintiff's "Motion To Seek Leave of Court to Amend Pleadings to Include Violations in Indian Preference Hiring" filed on September 27, 2006. For the reasons set forth below, the Defendants' motion is granted and the Plaintiff's motions are denied.

I.    **BACKGROUND**

On May 9, 2006, the plaintiff, Bernadette Baker ("Baker"), filed this suit alleging that an employee of the United States Department of Interior, Bureau of Indian Affairs ("BIA") discriminated against her on the basis of race by declining to select her for the position of elementary school counselor. The Civil Cover Sheet filed along with the complaint indicated that the claim was for employment discrimination under Title VII.

According to Baker's complaint and the documents filed with the United States Department of Interior, Office of Equal Employment Opportunity ("EEO"), and the Equal Employment

Opportunity Commission ("EEOC"), Baker submitted a timely application for the position of elementary school counselor at the Turtle Mountain Elementary School in November or December 2003. Baker and two other applicants, all of whom were rated qualified, interviewed for the position. Baker was not selected for the position. On December 16, 2004, the school board approved the selection of Gaileen Davis, a tribal member of the Turtle Mountain Chippewa, who was over 40 years of age.

Although Davis initially accepted the position she later changed her mind. On January 6, 2004, Davis informed the school board of her decision to decline the position. A short time later, the business manager advised the school board that the Turtle Mountain Elementary School had not received its special education funding, and recommended that the elementary school counselor position not be filled until the following year. Due to financial difficulties, the school board opted to leave the school counselor position vacant for the school year. Baker agrees with the facts as set forth by the Defendants but asserts that the hiring process was tainted by the familial relationships of the selecting officials and those applying for the position.

On or about March 29, 2004, Baker filed a complaint of discrimination with the United States Department of Interior, Office of Equal Employment Opportunity, alleging that her non-selection was motivated by race and age discrimination. The agency accepted the claim and conducted an investigation. The Report of Investigation was completed on or about March 2, 2005, and sent to Baker. On March 11, 2005, Baker requested a hearing before an Equal Employment Opportunity Commission (EEOC) administrative judge. The EEOC judge dismissed Baker's claims, finding that she "did not establish by a preponderance of the evidence that the Agency discriminated against her in the manner alleged."

2

On January 27, 2006, the agency issued its final order concurring with, and adopting the EEOC Administrative Judge's findings and conclusion that Baker was not discriminated against on the basis of race and age. The final order was sent to Baker by certified mail, return receipt requested. Baker accepted receipt of the final order on February 1, 2006.

The final order reminded Baker that she must file a civil action in an appropriate United States District Court within 90 calendar days of receipt of the final order. The Defendants assert that this 90-day deadline expired on Tuesday, May 2, 2006. It is undisputed that Baker filed her complaint on May 9, 2006.

In their "Motion to Dismiss/Motion for Summary Judgment," the Defendants have requested that this action be dismissed pursuant to Rule 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure because Baker has failed to state a claim upon which relief may be granted and an amendment to her complaint to state a valid claim would be futile because she has filed to timely file this civil action within 90 days of receipt of the final agency decision as required by 42 U.S.C. § 2000e-16 and 29 C.F.R. § 1614.407. In Baker's "Motion to Take Leave of Court to File Motion to Grant Plaintiff Additional Time to File this Action," Baker requests that the Court extend the time frame for her to file this action. In Baker's other motion, Baker seeks leave to amend her complaint to include violations of the Indian preference provisions of Section 12 of the Indian Reorganization Act, 48 Stat. 986, 25 U.S.C. § 472.

## II.     STANDARD OF REVIEW

### A.     MOTION TO DISMISS

The standard for a district court to employ in ruling on a motion to dismiss is well-established. <u>Crumpley-Patterson v. Trinity Lutheran Hosp.</u>, 388 F.3d 588, 590 (8th Cir. 2004).  "A district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." <u>Id.</u> (citing <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hafley v. Lohman</u>, 90 F.3d 264, 266 (8th Cir. 1996)). "[D]ismissal is inappropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>McCormack v. Citibank, N.A.</u>, 979 F.2d 643, 646 (8th Cir. 1992) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  "A motion to dismiss should be granted 'as a practical matter . . . only in the unusual case in which there is some insuperable bar to relief.'"  <u>Strand v. Diversified Collection Service, Inc.</u>, 380 F.3d 316, 317 (8th Cir. 2004) (citing <u>Frey v. Herculaneum</u>, 44 F.3d 667, 671 (8th Cir. 1995) (quoting <u>Bramlet v. Wilson</u>, 495 F.2d 714, 716 (8th Cir. 1974))).  It is clear under the Federal Rules that it is not necessary to plead every fact with formalistic particularity.  <u>BJC Health System v. Columbia Gas. Co.</u>, 348 F.3d 685, 688 (8th Cir. 2003).  "A pleading which sets forth a claim for relief . . . shall contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

### B.     MOTION FOR SUMMARY JUDGMENT

It is well-established that summary judgment is appropriate when, viewed in a light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party

is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c); <u>Graning v. Sherburne County</u>, 172 F.3d 611, 614 (8th Cir. 1999).  A fact is "material" if it might affect the outcome of the case and a factual dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The basic inquiry for purposes of summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.  <u>Quick v. Donaldson Co., Inc.</u>, 90 F.3d 1372, 1376 (8th Cir. 1996). The moving party has the initial burden of demonstrating to the Court that there are no genuine issues of material fact.  If the moving party has met this burden, the non-moving party cannot simply rest on the mere denials or allegations in the pleadings.  Instead, the non-moving party must set forth specific facts showing that there are genuine issues for trial.  Fed.R.Civ.P. 56(e).  A mere trace of evidence supporting the non-movant's position is insufficient.  Instead, the facts must generate evidence from which a jury could reasonably find for the non-moving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986).

## III.   <u>LEGAL DISCUSSION</u>

### A.   <u>DEFENDANTS' MOTION TO DISMISS</u>

The Defendants contend that the action should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the complaint fails to allege a proper jurisdictional basis for Baker's claims.  In the complaint, Baker alleges that the Court has jurisdiction over her claims under 42 U.S.C. § 2000a-6(a) and (b).  This statute grants the federal courts jurisdiction over claims alleging discrimination or segregation in places of <u>public accommodation</u>.  However, the factual

allegations in Baker's complaint appear to seek relief for <u>employment</u> discrimination.   The

Defendants asserts that such an error is grounds to dismiss Baker's claims.   The Court finds it

unnecessary to reach a conclusion as to whether Baker has failed to state a claim for relief given the

Court's findings regarding the timeliness of Baker's complaint, as explained below.


**B.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR LEAVE OF COURT TO OBTAIN ADDITIONAL TIME TO FILE THIS ACTION**

The Defendants also assert that any attempt by Baker to remedy her complaint to state a

claim for employment discrimination would be futile because the complaint was untimely.   The

Defendants contend the Court should deny any request made by Baker to amend her complaint to

allege a cause of action under Title VII or the ADEA because such action is untimely.   In response,

Baker filed a motion to extend the time to file her action.   Baker contends that she missed the

deadline, in part, because she pursued her administrative remedies pro se and, in part, because of

miscommunications with her attorney.   Baker provides no legal authority for her request.

The Eighth Circuit has held that leave to amend a complaint may be properly denied if such

a request would be futile.  <u>See</u> <u>Stricker v. Union Planters Bank</u>, 436 F.3d 875, 878 (8th Cir. 2006);

<u>Longie v. Spirit Lake Tribe</u>, 400 F.3d 589, 589 n.3 (8th Cir. 2005).   Pursuant to 42 U.S.C. § 2000e-

16 and 29 C.F.R. § 1614.407, an employee who has been aggrieved by the final disposition of her

EEO complaint, may seek redress by filing a civil action within 90 days of receipt of final action

taken by a federal department, agency, or unit.   "The failure to file suit within 90 days of receiving

a notice of final agency action renders a plaintiff's ADEA [and Title VII] action untimely."

<u>Hallgren v. United States Dep't of Energy</u>, 331 F.3d 588, 589 (8th Cir. 2003); <u>James v. USPS</u>, 835

F.2d 1265, 1266 (8th Cir. 1988).  It is well-established that a plaintiff's pro se status does not toll the time to file a complaint.  See James v. USPS, 835 F.2d 1265, 1267 (8th Cir. 1988).

There is no question that Baker's complaint was filed outside the 90-day time period set forth in 42 U.S.C. § 2000e-16.  Baker has failed to establish a basis for tolling the 90-day period.  The Court finds that any attempt by Baker to amend her complaint to include ADEA and Title VII claims would be futile because it would be untimely.  The Court grants the Defendants' motion for summary judgment and denies Baker's motion to extend the time to file the action.

**C.     PLAINTIFF'S MOTION TO SEEK LEAVE OF COURT TO AMEND PLEADINGS TO INCLUDE VIOLATIONS IN INDIAN PREFERENCE HIRING**

Finally, Baker seeks leave of Court to amend her complaint to include violations in Indian preference hiring. The Defendants assert that such a request would also be futile and should be denied.

It appears that Baker is attempting to assert a claim under the Indian Reorganization Act, also known as the Wheeler-Howard Act, 25 U.S.C. § 461.  The Indian Reorganization Act does not expressly waive sovereign immunity, and Title VII does not confer jurisdiction over an independent claim of a violation of the Act. See Beams v. Norton, 327 F. Supp. 2d 1323, 1330 (D. Kan. 2004).  It is well-established that the Indian Reorganization Act does not give rise to a private cause of action or private remedy.  See Beams v. Norton, 327 F. Supp. 2d 1323, 1330 (D. Kan. 2004); Solomon v. Interior Regional Housing Authority, 313 F.2d 1194 (9th Cir. 2002).  Thus, it is clear that the Court lacks subject matter jurisdiction over a private cause of action under the Indian Reorganization Act filed by a disappointed job applicant.  Any attempt by Baker to amend her

7

complaint to include such a claim would be futile.  The Court denies Baker's motion to amend her complaint.


**IV.**     **CONCLUSION**

For the reasons set forth above, the Court **GRANTS** the Defendants' "Motion to Dismiss/Motion for Summary Judgment" (Docket No. 3); **DENIES** the Plaintiff's "Motion to Take Leave of Court to File Motion to Grant Plaintiff Additional Time to File this Action" (Docket No. 7); and **DENIES** the Plaintiff's "Motion To Seek Leave of Court to Amend Pleadings to Include Violations in Indian preference Hiring" (Docket No. 8).  Let judgment be entered accordingly.

**IT IS SO ORDERED**

Dated this 4th day of October, 2006.

*/s/ Daniel L. Hovland*_____
Daniel L. Hovland, Chief Judge
United States District Court